IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

THOMAS BRYAN KING                                                                        PLAINTIFF
ADC #161486

v.                                        3:23-cv-00048-DPM-JJV

EDITH ELLIOT,
Administrator, Sharp County Jail                                                         DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.       INTRODUCTION**

Thomas Bryan King ("Plaintiff") is a convicted prisoner in the Sharp County Detention Center. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.

**II.      SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   Regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   *Twombly,* 550 U.S. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.   *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983 (1996).   Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."   *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).   In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff says on May 19, 2022, he was sentenced in state court to five years in prison and because he has served eight months of that sentence in the county jail he is entitled to be released. (Doc. 2.) However, it is well settled Arkansas prisoners do not have a federally protected or state created liberty interest in being released on parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Hamilton v. Brownlee*, Case No. 06-2304, 2007 WL 1655681 (8th Cir. Jun. 8, 2007); *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995) ("When a prisoner is committed to the custody of a state penal authority (*e.g.,* the ADC), he can be assured of only one thing - that he will be released from the State's custody at the end of the term of years specified by the sentencing court"). Thus, Plaintiff has not pled a plausible claim for relief.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count, in the future, as a strike for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 23rd day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE